## PAGE *v.* UNITED STATES.

APPEAL FROM THE COURT OF CLAIMS.

No. 1387. Submitted April 2, 1888. — Decided April 16, 1888.

Under § 51 of the Revised Statutes, a person elected a representative in Congress, to fill a vacancy, caused by a resolution of the House that the sitting member was not elected and that the seat was vacant, the sitting member having received the proper credentials, and been placed on the roll, and been sworn in, and taken his seat, and voted, and served on committees and drawn his salary and mileage, is entitled to compensation only from the time the compensation of such sitting member ceased.

THE case is stated in the opinion.

*Mr. Allan Rutherford* for claimant.

*Mr. Attorney General* and *Mr. Heber J. May* for appellee.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This is an appeal by the claimant from a judgment of the Court of Claims, dismissing his petition, on the following facts found by that court: An election was held on the 4th of November, 1884, in the Second Congressional District of Rhode Island, for the purpose of electing by the people a

Representative in the 49th Congress, for that district. William A. Pirce was declared by the proper authority to have been elected, received a certificate of election from the governor of the State, and was sworn in and took his seat in the Congress of the United States on the 4th of March, 1885. His election was contested by Charles H. Page. On the 25th of January, 1887, the House of Representatives of the 49th Congress agreed to the following resolution, to wit: " Resolved, That William A. Pirce was not elected a member of the House of Representatives of the Forty-ninth Congress from the Second Congressional District of Rhode Island, and that the seat be declared vacant." An election was thereafter held in Rhode Island to fill such vacancy, and, on the 25th of February, 1887, Charles H. Page presented to the House of Representatives a certificate from the governor of Rhode Island, setting forth that he was, on the 21st of February, 1887, regularly elected a Representative from that State in the 49th Congress, to fill the vacancy caused by the action of the House of Representatives in declaring the seat of William A. Pirce vacant. Thereupon, Page was sworn in and took his seat. Pirce occupied the seat from March 4, 1885, to January 25, 1887, was recognized as the sitting member, voted, served on committees, and drew the salary for that time, amounting to $9468.18, and also received mileage in the sum of $344. Page occupied the seat from February 25, 1887, to March 3, 1887, was recognized as the sitting member for that time, voted, served on committees, and drew the salary from January 25, 1887, to March 3, 1887, amounting to $531.82, and also received mileage in the sum of $175.20.

Page, by his petition to the Court of Claims, claimed that he was entitled to the full pay of $5000 a year for the two years from March 3, 1885, to March 3, 1887, and that, therefore, he was entitled to the further payment of $9468.18. The contention of Page is that, on the facts found, Pirce, not having been elected a member of the 49th Congress, was never such member; that, therefore, he was not the predecessor of Page, within the meaning of § 51 of the Revised Statutes; and that the member of the House of Representatives

from the Second Congressional District of Rhode Island in the 48th Congress was such predecessor.

Section 51 of the Revised Statutes provides as follows: "Whenever a vacancy occurs in either House of Congress, by death or otherwise, of any member or delegate elected or appointed thereto, after the commencement of the Congress to which he has been elected or appointed, the person elected or appointed to fill it shall be compensated and paid from the time that the compensation of his predecessor ceased." The argument made is that, under this section, no person could have been the predecessor of Page, unless he was a member elected for the 49th Congress; and that Pirce was declared by the House of Representatives not to have been elected such member. But, although Pirce may not have been so elected, it does not follow that he was not the predecessor of Page, within the meaning of § 51, or that the Representative in the 48th Congress was such predecessor.

The proper construction of § 51 is that the predecessor of the person elected to fill a vacancy must be a person who was the predecessor in the same Congress. If no such person is to be found, because no such person was duly elected, Page had no predecessor in the sense of § 51, and that section does not apply to his case. But we think that, under the proper construction of § 51, Pirce was the predecessor of Page, as to compensation or salary. His credentials showed that he was regularly elected; he must have been placed on the roll of Representatives-elect, under § 31 of the Revised Statutes; he was sworn in, took his seat, voted, served on committees, and drew the salary and the mileage. Under §§ 38 and 39, he was entitled to his salary, because his credentials, in due form of law, had been duly filed with the clerk, under § 31, and because he took the required oath. Section 51 refers only to a vacancy occurring after the commencement of a particular Congress, and in the membership of that Congress; and the reference to a "predecessor" is plainly intended to apply only to a predecessor in that Congress. If there was any such predecessor of Page it was Pirce. If there was no predecessor of Page in that Congress, § 51 does not apply to that case.

*The judgment of the Court of Claims is affirmed.*